IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DELK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 2:17-cv-02062-TLP-tmp |
| v. | ) | |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ADDRESSING PENDING MOTIONS**

The parties here filed several motions that remain pending. The Court will list them in the order of filing: (1) Petitioner Adrian Delk's Motion for Leave to Amend 28 U.S.C. § 2254 and Extension of Time to File (ECF No. 37); (2) Respondent Grady Perry's First Motion for Extension of Time to Respond to the Petition (ECF No. 38); (3) Petitioner's Motion for the Return of Legal Documents (ECF No. 39); (4) Petitioner's Motions Requesting Respondent to Expand the Record Pursuant to Rule 7 and to Reply to Interrogatories (ECF Nos. 45, 47); (5) Petitioner's Motion Requesting the Judge to Allow the Amended Petition and Brief to Replace the Original Petition and Motion Requesting Respondent to Answer the Amended 28 U.S.C. § 2254 Petition (ECF No. 48); (6) Petitioner's motion for extension of time to reply to Respondent's answer (ECF No. 50); and (7) Petitioner's Motions for Appointment of Counsel (ECF Nos. 51, 56).

The Court GRANTS Petitioner leave to amend his § 2254 Petition as a matter of course (*see* ECF Nos. 37 & 48.) The Court GRANTS Respondent's Motion for Extension of Time to Respond to the Petition (ECF No. 38.) The Court GRANTS Petitioner's Motion for Extension

of Time to Reply to Respondent's Answer (ECF No. 50). The remaining motions (ECF Nos. 39, 45, 47, 51, 56) referenced above are DENIED.

Respondent is also DIRECTED to file a response to the amended petition (ECF No. 40.)

## I. Relevant Procedural History

Petitioner filed his pro se § 2254 Petition on January 27, 2017. (ECF No. 1.) The Court ordered Respondent to file the state court record and respond to the § 2254 Petition. (ECF No. 6.) The Court then entered an order addressing pending motions for appointment of counsel, for default judgment, to dismiss the case, to grant relief, to withdraw the guilty plea and remove Petitioner from TDOC custody, and to compel Respondent to file the state court record. (*See* ECF No. 35 at PageID 445–46.) The Court granted the motions to compel Respondent to file the record and denied the remaining motions. (*Id.*)

Petitioner now moves to amend the § 2254 Petition (ECF No. 37) and he filed a proposed amended § 2254 Petition with a supporting brief. (ECF No. 40.) Petitioner then filed a repetitive Motion Requesting the Judge to Allow the Amended Petition and Brief to Replace the Original Petition and Motion Requesting Respondent to Answer the Amended 28 U.S.C. § 2254 Petition. (ECF No. 48.)

Respondent filed a motion for extension of time to respond to the petition. (ECF No. 38.) A response opposing the motion was filed by Petitioner. (ECF No. 42.) Respondent subsequently filed the state court record and an answer to the § 2254 Petition. (ECF Nos. 43, 44.) Petitioner responded by filing a "Motion to Dismiss" Respondent's motion for extension of time, which the Court construes as a second response to Respondent's motion for an extension of time. (*See* ECF No. 49.)

Petitioner has also filed a litany of other motions including a motion for return of legal documents (ECF No. 38); two motions requesting that Respondent expand the record and reply to interrogatories (ECF Nos. 45, 47); a motion for extension of time respond to the answer (ECF No. 50); an objection to Respondent's answer (ECF No. 53); and two motions to appoint counsel (ECF Nos. 51, 56.)

## II.     The Amended Petition

On February 14, 2018, Petitioner filed a motion for leave to amend the § 2254 Petition and an extension of time to file the amended petition. (ECF No. 37.) Petitioner requests that the Court send him copies of exhibits filed with the original motions so that they may be incorporated into the amended petition. (*See* ECF No. 37 at PageID 455); (*see also* ECF No. 39.)

Petitioner requests additional time to file his amended petition because: (1) he is in protective custody without direct access to the main library; (2) he needs copies of the exhibits referenced; and (3) he needs the official forms that the Court requested to file his amended petition. (ECF No. 37 at PageID 455.) Respondent did not respond to the request for an extension.

In the Court's Order dated January 30, 2018, the Court instructed Respondent to respond within twenty-eight (28) days of the entry of the Order. (*See* ECF No. 35 at PageID 451.) In a footnote, the Court reiterated that the only issues presented are those listed in the § 2254 Petition and that to present additional issues, Petitioner must seek leave to amend and present an amendment on the official form. (*Id.* at PageID 451 n.6.) Petitioner's purported February 28, 2018, deadline appears to come from this statement. (*See* ECF No. 37 at PageID 454–55.)

3

Even so, the Court did not order Petitioner to file an amended petition or specify a deadline for the filing of an amended petition.[1] As there is no specified deadline for filing of an amended petition, the motion for extension of time to file the amended petition (ECF No. 37) is DENIED as moot.

Respondent has not responded addressing Petitioner's Motion for Leave to Amend 28 U.S.C. § 2254 (ECF No. 37), amended petition on the official form (ECF No. 40), and Motion Requesting the Judge to Allow the Amended Petition and Brief to Replace the Original Petition and Motion Requesting Respondent to Answer the Amended 28 U.S.C. § 2254 Petition (ECF No. 48). (*See* ECF No. 44); (*see also* ECF No. 48 at PageID 1242.)

Federal Rule of Civil Procedure 15 applies to determine whether amendment of a pleading is appropriate. *See* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Rule 15(a)(1) states:

A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Petitioner filed his amended petition on February 28, 2018, before the Respondent filed an answer (a responsive pleading) or the state court record. (*See* ECF No. 40.) Based on Rule 15(a)(1)(B), Petitioner is entitled to amendment as a matter of course. Thus, the motion for

---

[1] Petitioner misinterprets the Court's Order (ECF No. 35) as requiring him "to prepare and submit and amended petition on the official form." (*See* ECF No. 48 at PageID 1242.)

leave to amend the petition is GRANTED. Plaintiff's Amended Petition (ECF No. 40) is deemed filed.

Respondent is ORDERED, under Habeas Rule 4, to respond to the Amended Petition (ECF No. 40), within twenty-eight (28) days of the entry of this Order. The response must, at a minimum, address the timeliness of Petitioner's claims.

Under Rule 5(e), Petitioner may submit a reply to Respondent's answer or response within twenty-eight (28) days of service.[2] Petitioner may file only one reply to Respondent's answer or response to the Amended Petition. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the § 2254 Petition, as amended, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply.

### III. Respondent's Answer

Respondent moved for an extension of time to respond to the petition because of difficulty obtaining the state court record from the archives. (ECF No. 38 at PageID 459–60.) Respondent filed the state court record and answer on March 29, 2018. (ECF Nos. 43–44.) For good cause shown, Respondent's motion for extension of time is GRANTED and the late filed answer and record are accepted as timely filed.

### IV. Motion for Return of Legal Documents

Petitioner also moves for the return of legal documents. (ECF No. 39.) Documents filed with the Court are made part of the official record and not returned to the parties. Yet

---

[2] Petitioner suggests that he wishes to replace the original petition with the amended petition. If he seeks to abandon any of the claims raised in the original petition, Petitioner must specifically identify those claims in a reply to Respondent's answer to the amended petition.

parties, including Petitioner, may request copies of the documents in the Court's record from the Clerk. That said, the local fee for copies from case files is $.50 per page.[3]

Petitioner's motion for return of legal documents is, therefore, DENIED.

## V.     Expansion of the Record & Discovery

Petitioner next moves for Respondent to expand the record, under Habeas Rule 7(b), and to respond to interrogatories. (ECF No. 45.) At the same time, Petitioner does not specify what documentary evidence should be added to the record. (*Id.* at PageID 1215.) In effect, Petitioner seeks to propound interrogatories and requests for production of documents on Respondent. (*See id.* at PageID 1216–22.)

Respondent argues that this motion should be denied because expansion of the record and discovery are premature and unwarranted. (ECF No. 46 at PageID 1226.) Respondent contends that Petitioner has not satisfied the statutory prerequisites in 28 U.S.C. § 2254(e)(2) for expansion of the record and that Petitioner has not pleaded good cause to justify granting discovery. (*Id.* at PageID 1226–27.)

Petitioner has not identified specific documents that would warrant an expansion of the record and the Court has not decided that expansion is required, and thus the motion for expansion of the record (ECF No. 45) is DENIED.

As to Petitioner's requests for discovery, habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Habeas Rule 6(a) governs discovery in habeas

---

[3] The Court does not act as a copy service for prisoners. Here, it is appropriate to file a motion for an extension of time to obtain necessary copies to support a filing. Petitioner could file his amended petition without these documents. (*See* ECF No. 40.)

cases and states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding . . . ."). Habeas Rule 6 is meant to be "consistent" with the Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969). *Bracy v. Gramley*, 520 U.S. 899, 909 (1997). In *Harris*, the Court stated:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

394 U.S. at 300.

Petitioner makes no argument to connect his discovery requests to the specific habeas claims at issue. He has not established the good cause required by Habeas Rule 6 to obtain discovery in a habeas proceeding. As a result, the motion (ECF No. 45) is DENIED in so far as Petitioner seeks discovery through interrogatories and requests for production of documents.

On April 9, 2018, Petitioner filed a nearly identical motion again requesting expansion of the record and to propound discovery. (*See* ECF No. 47.) But, as with the first motion, Petitioner failed to identify specific documents that would warrant expansion of the record or establish good cause for discovery. For these same reasons, the second motion to expand the record (ECF No. 47) is DENIED.

## VI. Petitioner's Reply

On April 19, 2018, Petitioner moved for a 30-day extension of time to file a reply to Respondent's answer, stating that his time on the computer and typewriter was limited. (ECF No. 50 at PageID 1252–53.) He also states that he does not seek to cause delay or undue

prejudice to Respondent. (*Id.* at PageID 1253.) Five days later, Petitioner filed his reply stating his objection to Respondent's answer. (*See* ECF No. 53.)

For good cause shown, the motion for extension of time (ECF No. 50) is GRANTED, and Petitioner's objection to Respondent's answer (ECF No. 53) is considered timely filed.

**VII.    Appointment of Counsel**

Petitioner filed two motions requesting appointment of counsel. (ECF Nos. 51, 56.)[4] There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion to determine whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has not shown that the appointment of counsel would be in the interest of justice. At this stage of the litigation, the Court cannot conclude that the case has enough merit to warrant the appointment of counsel. In short, the motions for appointment of counsel are DENIED. If an evidentiary hearing is required, the Court will appoint counsel to represent Petitioner without the filing of a motion.

---

[4] The Court previously denied Petitioner's motions for appointment of counsel. (*See* ECF No. 35 at PageID 448–49.)

**SO ORDERED**, this 26th day of September, 2018.

                                                          s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE