# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DELK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 2:17-cv-02062-TLP-tmp |
| v. | ) | |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER DENYING PENDING MOTIONS

Petitioner has multiple pending motions in this matter. The pending motions include: (1) Motion Requesting to Vacate the Judgments or Have Hearing to the 28 U.S.C. § 2254 on Grounds That Respondent Waived Rights to the Merits in Grou[n]d Four of the Petition Document 1 PageID 8 for Failure to Address Merits of the Claim in 28 U.S.C. § 2254 ("Motion to Vacate") (ECF No. 58); (2) Motion to Release Petitioner and Enter Default Judgment on the Respondent for Failure to Timely Respond an[d] Answer to Ground Four in the Petitioner['s] Original 28 U.S.C. § 2254 Habeas Corpus Claim ("Motion for Release and Default Judgment") (ECF No. 59); (3) Motion Requesting a Hearing Pursuant to 28 U.S.C. § 2254(B)(i), (ii) Due to There is (sic) an Absence of Available State Corrective Process and Circumstances That Exist That Render the Process Ineffective to Protect the Right of the Petitioner ("Motion for Hearing") (ECF No. 60); and (4) Motion Requesting Leave to Amend Title 28 U.S.C. § 2254 in the Int[e]rest o[f] Justice Requires (sic) Pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion to Amend") (ECF No. 70). For the reasons below, Petitioner's Motions are DENIED.

## ANALYSIS

**I.    Motion to Vacate**

Petitioner first moves to vacate his guilty plea or be resentenced under the terms of his guilty plea. (ECF No. 58.) In Petitioner's original petition, he alleges four grounds for relief:

1. The Government breach[ed] the plea agreement by Fatal errors on the Judgment. Also, the Petitioner received ineffective (sic) when he was appointed his counsel to work the Post-Conviction . . . ;

2. The Petitioner asked the Counsel to express that the Indictment was Void at post-conviction, which violates his rights;

3. The indictment was made before the Crime took place. Petitioner was indicted before he committed the alleged crime; and

4. The Government breached the Plea agreement. The government error violate[d] my Constitutional Right due to their error. I waived those right (sic) to a breached agreement. I should be able to have those rights like any other American. The government made an agreement and can not (sic) fulfill it due to the error. The error also adds 1 year and 5 mo[n]th[s] extra to the sentence which was NOT apart of the plea agreement the error raise the 30% part of the plea. It's [u]nconstitutional and is illegal and just malicious. . . .

(ECF No. 1 at PageID 5–9.)

In Respondent's answer, he asserts that Petitioner has raised three claims. (*See* ECF No. 44 at PageID 1198.) Respondent interprets Petitioner's claims as follows:

1. Petitioner unknowingly and involuntarily pleaded guilty to both counts due to a clerical error on the judgment and ineffective assistance of trial counsel;

2. Petitioner received ineffective assistance of counsel by post-conviction counsel at his post-conviction proceedings; and

3. The solicitation indictment was void because it was allegedly returned before Petitioner committed the solicitation.

(*Id.* at PageID 1203.) Petitioner asserts that Respondent has waived his argument to Ground Four of the original petition by not addressing this ground for relief in the answer filed on March

29, 2018. (ECF No. 58 at PageID 1336.) Petitioner argues that the Court must accept the claim as true and that he would otherwise be prejudiced because Respondent has not shown the true cause of his detention. (*Id.*) To support his argument, Petitioner uses the cause and prejudice standard related to a petitioner's procedural default of a habeas claim. (*Id.* at PageID 1337.) He also relies on Federal Rule of Civil Procedure 8(b) to support his position that Respondent's failure to address Ground Four amounts to a default, meaning that the petition should be granted in part. (*Id.* at PageID 1339.) Petitioner argues that this entitles him to specific performance of the plea agreement or that he should alternatively be allowed to withdraw his plea. (*Id.*)

Although Respondent addressed the plea in the claim enumerated above as Claim 1, it is not stated exactly as in Ground Four of the original petition. However, in response to the Amended Petition, Respondent addressed Petitioner's claim that the State breached the plea agreement. (*See* ECF No. 77 at PageID 1494–95.)

Regardless, Petitioner's claim is groundless. The failure to respond to a claim in a habeas proceeding does not require that the claim be accepted as true. The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") allow for the Court to conduct a preliminary review of the petition without the necessity of a response. *See* Habeas Rule 4.[1] Further, district courts may not enter default judgments in habeas cases without consideration of the merits of a prisoner's claims. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Therefore, even if Respondent failed to respond to Petitioner's allegations, the Court must still review the claims on the merits. Petitioner has "[t]he burden to show that he is

---

[1] The Federal Rules of Civil Procedure only apply to habeas cases "to the extent that they are not inconsistent with any statutory provisions or" the Habeas Rules. *See* Habeas Rule 11.

in custody in violation of the Constitution of the United States," and the Respondent's failure to respond to a claim does not relieve Petitioner of that burden. *See* 28 U.S.C. § 2254(a); *see also Jenkins v. Turner*, No. 2:17-CV-738, 2018 WL 4301313, at *3 (S.D. Ohio Sept. 10, 2018), *report and recommendation adopted sub nom. Jenkins v. Warden, N. Cent. Corr. Inst.*, No. 2:17-CV-738, 2018 WL 4719325, at *3 (S.D. Ohio Oct. 1, 2018), *vacated*, and *report and recommendation adopted,* No. 2:17-CV-738, 2019 WL 311763 (S.D. Ohio Jan. 24, 2019).

For these reasons, Petitioner's Motion to Vacate (ECF No. 58) is DENIED.

## II. Motion for Release and Default Judgment

Petitioner next moves to have a default judgment entered in his favor and to be released from custody. (ECF No. 59.) He again argues that Respondent failed to answer the allegations in Ground Four. (ECF No. 59 at PageID 1344.) As the Court stated with Petitioner's Motion to Vacate, he is not entitled to a default judgment for Respondent's purported failure to respond to Ground Four. The Court must conduct a merits review of the claim.

Petitioner also asserts that Respondent has not filed the complete state court record because the corrected judgment sheets, created on January 19, 2017, have not been filed. (*Id.*) Petitioner has himself filed the corrected judgment however. (*See* ECF No. 70-2 at PageID 1407, 1409.) The corrected judgments at issue, although not filed by Respondent, are a part of the electronic record in this case and will be reviewed by the Court for purposes of determining the merits of Petitioner's claims.

For these reasons, the Court DENIES Petitioner's Motion for Release and Default Judgment (ECF No. 59).

## III. Motion for a Hearing

Petitioner has also moved for a hearing on his claims that the State breached the plea agreement. (ECF No. 60 at PageID 1350.) Petitioner asserts that the Tennessee Supreme Court's October 21, 2016, order[2] ruled that the State breached his plea agreement intentionally by telling Petitioner that they erred on his sentence and deprived him of his "30% release eligibility date." (*Id.*) Petitioner argues that he could not have discovered the factual predicate for the breach of the plea agreement even through the exercise of due diligence because the State engaged in fraud and misrepresentation and released this information in 2017, after the Tennessee Supreme Court denied the application for permission to appeal and Petitioner's state remedies had been exhausted. (*Id.* at PageID 1351–53.)

Based on the Respondent's answer and the corrected judgments, it appears that Petitioner was sentenced with a thirty percent, time served release eligibility. (*See* ECF No. 70-2 at PageID 1407, 1409; *see also* ECF No. 77 at PageID 1495–96.) As there appears to be no factual dispute, the Court finds no need for an evidentiary hearing at this time. The Motion for a Hearing (ECF No. 60) is DENIED.

## IV. Motion to Amend

Petitioner's final motion asserts that the victim of the alleged offense has released vital information about the conviction which means that it is "in the interest of justice" to allow him to amend his petition on the grounds of newly discovered evidence. (ECF No. 70 at PageID 1388.) Petitioner files an Amended Full Petition with the following grounds for relief:

1. Ineffective Assistance of Counsel, Failure to fully investigate and interview victim and witnesses;

---

[2] The October 21, 2016, order merely denied Petitioner's application for permission to appeal. (*See* ECF No. 43-10 at PageID 926.)

2. Breached Plea Agreement under *Santobello v. New York*;

3. Actual Innocence of solicitation to commit first degree murder; and

4. False testimony made by victim Genesis R. Watson.

(ECF No. 70 at PageID 1388.) In support of the motion, Petitioner provides the affidavit of Genesis R. Watson in which she states that the prosecutor used her "anger and depression to persuade me into giving a statement implicating Adrian Delk" and that she informed the trial court during post-conviction proceedings that she could not truthfully say that Petitioner assaulted her. (ECF No. 70-1 at PageID 1405.)

Federal Rule of Civil Procedure Rule 15 applies to determine if amendment of a pleading is appropriate. *See* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Amendment with the opposing party's consent or the court's leave "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Petitioner asserts that his amendment is based on newly discovered evidence from the victim. However, the Tennessee Court of Criminal Appeals noted during the post-conviction proceedings,

> Genesis Watson, testified that she was under the influence of heavy prescription painkillers at the time she gave her statement to police. She described the time of the aggravated assault as a "blackout period" and said that, had she testified at trial, she would "[n]ot really" have been able to say who had stabbed her because she did not "remember the whole incident." She never talked to trial counsel about the case, and he never attempted to contact her. On cross-examination, she testified that she did not remember having told the police in her statement that Petitioner stabbed her with a pocketknife. She acknowledged, however, that she identified Petitioner at the preliminary hearing as the man who had stabbed her.

6

(*See* ECF No. 43-7 at PageID 904.)   Although Petitioner now presents Watson's affidavit, the information presented is not newly discovered.   Petitioner has not provided a basis for amending the petition at this late date.   The Motion to Amend (ECF No. 70) is DENIED.

## **CONCLUSION**

For these reasons, Petitioner's Motion to Vacate (ECF No. 58) is DENIED; the Motion for Release and Default Judgment (ECF No. 59) is DENIED; the Motion for a Hearing (ECF No. 60) is DENIED; and the Motion to Amend (ECF No. 70) is DENIED.

**SO ORDERED**, this 22nd day of February, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE
