## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DELK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:17-cv-02062-TLP-tmp |
| v. | ) | |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner filed a Notice of Appeal related to this Court's order denying certain motions entered on February 22, 2019.  (*See* ECF No. 85.)  He now moves for a Certificate of Appealability.  (ECF No. 87.)  For the reasons below, Petitioner's motion is DENIED.

### LEGAL STANDARD

Under 28 U.S.C. § 1291, courts of appeals have jurisdiction only over "final decisions of the district courts . . . ."  An appeal taken from a nonfinal order is beyond the appellate court's jurisdiction and must be dismissed.  *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742 (1976); *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1158 (6th Cir. 1988).  *Knafel* defines a final judgment as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  850 F.2d at 1159 (citations omitted).

### ANALYSIS

The order Petitioner seeks to appeal denied his Motion to Vacate Judgment, Motion to Release Petitioner, Motion for a Hearing, and Motion for Leave to Amend.  (*See* ECF No. 82.)

Here, as in *Knafel*, the order from which Petitioner appeals was not certified as a final order under Rule 54(b) of the Federal Rules of Civil Procedure, nor is it otherwise appealable as a collateral order. Additionally, this Court did not certify the order as an interlocutory order under 28 U.S.C. § 1292.

All that said, Petitioner's habeas petition remains pending and awaiting determination. No final or appealable order or judgment exists. Because there is no appealable order in this case, the appeal is without any jurisdictional foundation.

A petitioner proceeding under 28 U.S.C. § 2254 may not take an appeal unless a circuit or district judge issues a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further).

In this case, there can be no question that the appeal is without jurisdictional foundation because the Court has not entered a final order. Because the appeal is improper, the Court DENIES a COA.

## CONCLUSION

For the reasons above, the Court DENIES Petitioner's Motion for a Certificate of Appealability. The Court further CERTIFIES, under Federal Rule of Civil Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[1]

**SO ORDERED**, this 30th day of July, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).